UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

─────────────────────────────────

TYRONE JAMES, et al.,

                            Plaintiffs,

        v.                                          9:17-CV-0843
                                                    (GTS/DEP)
ANTHONY ANNUCCI, et al.,

                            Defendants.

─────────────────────────────────

APPEARANCES:

TYRONE JAMES
96-A-2521
Plaintiff, pro se
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, NY 12589

MARK CROWDER
01-A-5739
Plaintiff, pro se
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, NY 12589

JALONE DAVIS
  a/k/a Jalon Shabazz
01-A-4329
Plaintiff, pro se
Eastern NY Correctional Facility
Box 338
Napanoch, NY 12458

WAYNE HAYWOOD
96-A-7894
Plaintiff, pro se
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, NY 12589

KEVIN REDD
95-A-2277
Plaintiff, pro se
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, NY 12589

KENNETH ELMORE
96-A-1693
Plaintiff, pro se
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, NY 12589

CHRISTOPHER GRAY
09-A-1145
Plaintiff, pro se
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, NY 12589

TERRY WILSON
98-A-0757
Plaintiff, pro se
Eastern NY Correctional Facility
Box 338
Napanoch, NY 12458

HON. BARBARA D. UNDERWOOD          KYLE W. STURGESS, ESQ.
New York State Attorney General          Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

GLENN T. SUDDABY
Chief United States District Judge

**DECISION and ORDER**

## I.   BACKGROUND

This action was purportedly commenced by pro se plaintiffs Tyrone James ("James"),

Mark Crowder ("Crowder"), Jalone Davis ("Davis"), Wayne Haywood ("Haywood"), Kevin

Redd ("Redd"), Kenneth Elmore ("Elmore"), Christopher Gray ("Gray"), Raymond Douglas ("Douglas"), Terry Wilson ("Wilson"), and Marquise Boynton ("Boynton"), pursuant to 42 U.S.C. § 1983 ("Section 1983").  Dkt. No. 1 ("Compl.").[1]  By Decision and Order filed on October 10, 2017 ("October 2017 Order") and February 5, 2018 ("February 2018 Order"), the Court addressed various administrative issues, including applications to proceed in forma pauperis ("IFP") filed by James, Crowder, Davis, Haywood, Redd, Elmore, Gray, Davis, and Wilson.  By Decision and Order filed on May 22, 2018, the Court undertook a review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), dismissed some of plaintiffs' claims, and found that other claims survived sua sponte review.  Dkt. No. 39 ("May 2018 Order").[2]  Because the only claims that survived sue sponte review were asserted against "Doe" defendants, and the complaint expressly plead that plaintiffs previously sought the name(s) of the person(s) involved in the alleged constitutional violations, to no avail, *see* Compl. at 6-7, the Court sua sponte added the Superintendent of Shawangunk Correctional Facility as a named defendant so that service could proceed and issue could be joined.  *See* May 2018 Order at 21-22.

Thereafter, the Superintendent of Shawangunk Correctional Facility was served with the complaint and counsel for the New York State Attorney General's Office answered on the Superintendent's behalf.  *See* Dkt. Nos. 43, 47.

Presently before the Court is an amended complaint filed by plaintiff Davis.  Dkt. No.

---

[1]  All of the plaintiffs were incarcerated in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") when this action was commenced.  *See* Compl. at 3.

[2]  The Court discussed the lengthy procedural history leading up to the May 2018 Order in that Decision and Order, which will not be restated herein.

50 ("Am. Compl.").[3]

## II.    DISCUSSION

### A.    The Complaint

In the complaint, plaintiffs asserted free exercise, equal protection, and related state law claims against defendants John Doe #1, John Doe #2, and John Doe #3 based on alleged vandalism of their place of religious worship, as well as a claim against defendant Amato based on his failure to prevent the vandalism, claims against defendants McCullough and Willis based on their alleged cover up of the wrongdoing, and a claim against defendants Almato, McCullough, Willis, Smith, Annucci, Pingotti, and Bertone based on their alleged failure to adequately investigate, and remedy, the violation of plaintiffs' rights.  *See generally* Compl.

The Court found that plaintiffs' claims against the John Doe defendants survived sua sponte review and required a response, but dismissed plaintiffs' claims against each of the other defendants without prejudice, finding that plaintiffs failed to allege facts plausibly suggesting that any one of them was personally involved in an alleged constitutional violation. *See* May 2018 Order at 13-20.

### B.    Review of the Amended Complaint

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the May 2018 Order and will not be restated in this Decision and Order.  *See* May 2018 Order at 7-9.

Plaintiff Davis has submitted an amended complaint which re-asserts claims against

---

[3] The amended complaint was filed as of right pursuant to Federal Rule of Civil Procedure 15(a).

4

defendants Annucci, Willis, Smith, McCullough, John Doe #1, John Doe #2, and John Doe #3 based on allegations similar to those made in the complaint, with a few noteworthy additions. *Compare* Compl. *with* Am. Compl.[4]  First, plaintiff Davis recites language contained in several DOCCS Directives and the DOCCS Employees' Manual dealing with the obligations of DOCCS employees in general.  *See* Am. Compl. at 6-11.  Second, plaintiff Davis alleges that the actions of defendants Smith, Willis, and McCullough taken after the alleged act of vandalism violated DOCCS Directives on ethics and reporting obligations, as well as Executive Law § 55.  *See Id.* at 11, 15.  Third, plaintiff Davis alleges that defendants Willis and McCullough conspired to cover up the alleged vandalism of the Nation of Islam ("N.O.I.") worship area by failing to follow protocol despite their awareness that plaintiffs' religious rights were violated, and instead attempting to bribe certain plaintiffs not to involve "the administration."  *Id.* at 11-17.

Based on these additional allegations, as well as allegations materially similar to those made in the complaint regarding the events that occurred on and after January 14, 2015, in connection with the alleged vandalism of the area of worship for the N.O.I. members at Shawangunk Correctional Facility, the Court liberally construes the amended complaint to re-assert free exercise, equal protection, and related state law claims, and also assert constitutional due process, retaliation, and conspiracy claims.  Am. Compl. at 16-19.[5]  The

---

[4]  Plaintiff has not asserted any claims against defendants Almato, Pingotti, or Bertone, all of whom were dismissed as defendants in the May 2018 Order.  *See* May 2018 Order at 24.

[5]  Plaintiff Davis lists the following constitutional rights as having been violated by the defendants: "[1] "right to the free exercise of religion; [2] right to equal protection under the laws; [3] right to freedom from discrimination; [4] right to freedom from harassment and retaliation; [5] right to due process of law; [6] right to freedom of abuse of process; and [7] right to freedom of desecration and defacement of a religious symbol."  Am. Compl. at 17.  The Court does not construe plaintiffs' alleged "right to freedom from discrimination" to be a claim separate from plaintiff's equal protection claim.  Similarly, the court does not construe plaintiffs' alleged "right to freedom of desecration and defacement of a religious symbol" to be a claim separate from plaintiff's free exercise

amended complaint seeks injunctive and monetary relief. *See id.* at 19.

Before turning to analyzing the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), it bears mentioning that none of the plaintiffs that remain in this case besides Davis signed the amended complaint. As set forth in the October 2017 Order, Rule 11(a) of the Federal Rules of Civil Procedure requires that "[e]very pleading . . . be signed . . . by a party personally if the party is unrepresented . . . [and] [t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." Fed. R. Civ. P. 11(a). Rule 10.1(c)(2) of the Local Rules of Practice of this District also requires that all documents submitted to the Court include the original signature of the pro se litigant.

Ordinarily, in lieu of striking the amended complaint, the Court would direct the Clerk to serve it on each of the plaintiffs who did not sign the pleading to afford them each an opportunity to review and certify the pleading. However, in situations in which an amended complaint fails to state any new claims for relief or re-plead surviving claims against any new defendants, there is no basis for attempting to cure the Rule 11 pleading deficiency.

Turning to the merits of the claims asserted in the amended complaint, the Court liberally construes plaintiffs' claim that defendants Smith, Willis, and McCullough failed to follow protocol in response to the alleged vandalism, in violation of DOCCS Directives and Executive Law § 55, as a due process claim. It is well established that "the improper

---

claim. In addition, the Court does not construe the allegations in the amended complaint to assert a claim for "abuse of process." Under both Section 1983 and New York law, "a malicious abuse of process claim lies against a defendant who (1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Savino v. City of N.Y.*, 331 F.3d 63, 76 (2d Cir. 2003) (quoting *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994)). The amended complaint does not allege facts which plausibly suggest such a claim against any of the defendants.

adherence to proprietary facility policies are incognizable under § 1983[.]" *Ahlers v. Nowicki*, No. 9:12-CV-0539 (DNH/RFT), 2014 WL 1056935, at *4 (N.D.N.Y. Mar. 18, 2014) (citing *Baker v. McCollan*, 443 U.S. 137, 140 (1979) and *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995)); *Alicea v. Maly*, No. 9:12-CV-203 (MAD/TWD), 2015 WL 4326114, at *14 (N.D.N.Y. July 14, 2015) ("Failure to follow a DOCCS Directive does not give rise to a § 1983 claim.") (citing, *inter alia*, *Cabassa v. Gummerson*, No. 9:01-CV-1039 (DNH/GHL), 2008 WL 4416411, at *6 n.24 (N.D.N.Y. Sept. 24, 2008)). Similarly, "[t]he law is well-settled that inmates do not have a constitutional right to grievance procedures[, and] . . . do not enjoy a constitutional right to an investigation of any kind by government officials." *Pine v. Seally*, No. 9:09-CV-1198 (DNH/ATB), 2011 WL 856426, at *8-9 (N.D.N.Y. Feb. 4, 2011); *see also Shell v. Brzezniak*, 365 F. Supp. 2d 362, 369-70 (W.D.N.Y. 2005) ("[i]nmate grievance programs created by state law are not required by the Constitution and consequently allegations that prison officials violated those procedures does not give rise to a cognizable § 1983 claim"). Accordingly, if the amended complaint were accepted for filing, plaintiffs' due process claims would be subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

With regard to plaintiffs' retaliation claim, the allegations in the amended complaint plausibly suggest that the alleged "adverse action," either in the form of the alleged vandalism or the alleged inadequate response by defendants Smith, Willis, and McCullough immediately thereafter, occurred prior to any grievance being filed. To state an actionable claim for retaliation, a plaintiff must first allege that his conduct was constitutionally protected and that this protected conduct was a substantial factor that ***caused*** the adverse action against plaintiff. *See Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir.1996). Alleged protected activity

that occurs after the adverse action cannot be a substantial cause of the adverse action. Accordingly, if the amended complaint were accepted for filing, plaintiffs' retaliation claims would be subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

With regard to plaintiffs' conspiracy claims, plaintiff alleges in only conclusory fashion that defendants Willis and McCullough conspired to cover up the alleged vandalism after it occurred. *See* Am. Compl. at 13. General allegations that a party conspired to cover up a past constitutional violation are insufficient to establish liability under Section 1983. *See Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983) ("A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss."); *McIntosh v. United States*, No. 14-CV-7889, 2016 WL 1274585, at *15 (S.D.N.Y. Mar. 31, 2016) ("To state a legal truism, just because a litigant posits the existence of a conspiracy does not make it plausible."); *Miranda Ortiz v. Cornacchia*, No. 88-CV-5988, 1990 WL 103982, at *4 (S.D.N.Y. July 16, 1990) (noting, where "[t]he wrong that [plaintiff] complains of . . . is merely a vague allegation of a 'conspiracy to cover up' the actions of [the alleged wrongdoer]," that "[s]uch broad and conclusory allegations of conspiracy by an administrator, who had no personal involvement in the original event, are insufficient to establish liability under section 1983"); *De Ponceau v. Bruner*, No. 9:09-CV-0605 (GTS/DEP), 2012 WL 1030415, at *7 (N.D.N.Y. Feb. 21, 2012) ("A claim that a prison employee has taken steps to conceal evidence of a past constitutional violation which is not ongoing does not alone state a cognizable constitutional claim under 42 U.S.C. § 1983."), *report and recommendation adopted by* 2012 WL 1014821 (N.D.N.Y. Mar. 23, 2012). In addition, as with plaintiffs' original complaint, the amended complaint does not contain

8

allegations which plausibly suggest that the alleged constitutional violations plaintiffs experienced based on the desecration of the N.O.I. worship area were "completely foreclosed" as a result of the alleged cover up. Accordingly, if the amended complaint were accepted for filing, plaintiffs' conspiracy claims would be subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

In light of the above, the only claims that would survive initial review of the amended complaint are the claims that are currently pending in this case.[6] Because the amended complaint does not contain any substantive allegations that are materially different from the allegations in the complaint, and does not state a new constitutional claim upon which relief may be granted or identify one or more of the "Doe" defendants, the Court declines to accept the amended complaint for filing and instead will direct the Clerk to strike it from the docket. This determination is without prejudice to all of the plaintiffs filing a motion to amend the complaint to add new substantive allegations or identify the "Doe" defendants. Any motion to amend must be accompanied by a proposed amended pleading against all of the persons sought to be named as defendants in this action, and which otherwise complies with all of the Federal and Local Rules of Civil Procedure, including Local Rule 7.1.

## III.     CONCLUSION

---

[6] Even if the amended complaint were accepted for filing, the Court would decline to exercise supplemental jurisdiction over a state law claim based on alleged violations of DOCCS Directives. Federal district courts have supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). As the Supreme Court stated in discussing Section 1367's predecessor judicial doctrine of pendent jurisdiction, this is traditionally "a doctrine of discretion, not of plaintiff's right." *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). In this case, the alleged violations of DOCCS directives plead in the amended complaint are not related to plaintiff's equal protection and free exercise claims asserted against the "Doe" defendants, which are the only federal claims that remain in this action.

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff Davis's amended complaint is not a proper pleading and is hereby **STRICKEN** from the docket; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Plaintiffs must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court.  **Plaintiffs are also required to promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in address; the failure to do so may result in the dismissal of this action**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on all of the parties.

**IT IS SO ORDERED.**

Dated:      September 24, 2018
             Syracuse, NY

Hon. Glenn T. Suddaby
Chief U.S. District Judge