UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TYRONE JAMES; MARK CROWDER; JALONE
DAVIS; WAYNE HAYWOOD; KEVIN REDD,
KENNETH ELMORE; CHRISTOPHER GRAY;
and TERRY WILSON,

                              Plaintiffs,

v.                                                9:17-CV-0843
                                                 (GTS/ML)

SCOTT WILLIS; JOHN AMATO; MICHAEL
COMITO; JEFFREY BADENDYCK; and
DANIEL McCULOUGH,

                              Defendants.
_____

APPEARANCES:                                      OF COUNSEL:

LAW OFFICE OF AMY JANE AGNEW, P.C.       AMY JANE AGNEW, ESQ.
  Counsel for Plaintiffs
24 Fifth Avenue, Suite 1701
New York, NY 10011

HON. LETITIA A. JAMES                       KYLE W. STURGESS, ESQ.
Attorney General for the State of New York       HELENA LYNCH, ESQ.
  Counsel for Moving-Defendants                 Assistant Attorney General
The Capitol
Albany, NY 12224

HARRIS, CONWAY & DONOVAN, PLLC          RYAN E. MANLEY, ESQ.
  Counsel for Defendant Michael Comito
50 State Street, 2nd Floor
Albany, NY 12207

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently pending before the Court, in this prisoner civil rights action filed by Tyrone

James, Mark Crowder, Jalone Davis, Wayne Haywood, Kevin Redd, Kenneth Elmore,

Christopher Gray, and Terry Wilson (collectively "Plaintiffs"), against Scott Willis, John Amato, Jeffrey Dadendyck, Daniel McCullough (collectively "moving-Defendants"), and Michael Comito ("non-moving Defendant"), is the moving-Defendants' motion to dismiss Plaintiffs' claims against them for failure to state a claim and lack of subject-matter jurisdiction. (Dkt. No. 99.) For the reasons set forth below, the moving-Defendants' motion to dismiss is granted.

I.  RELEVANT BACKGROUND

   A.  Plaintiffs' Claims

Generally, liberally construed, Plaintiffs' Amended Complaint alleges that on or about January 14, 2015, Defendants violated Plaintiffs' civil rights by desecrating, and/or allowing to be desecrated, Plaintiffs' designated room for religious study and prayer at Shawangunk Correctional Facility. (*See generally* Dkt. No. 85 [Plf.'s Am. Compl.].) More specifically, Plaintiffs allege that (1) Defendant Comito trampled on prayer rugs with muddy and dirty boots, (2) the room's Nation of Islam ("NOI") flag was missing and ultimately found in the correctional facility's dumpster, and (3) the moving-Defendants subsequently conspired amongst themselves to interfere with the preservation of evidence and Plaintiffs' reporting of the incident to the administrators at Shawangunk Correctional Facility. (*Id.*) Based on these factual allegations, Plaintiffs' Amended Complaint asserts the following five claims: (1) a claim that Defendant Comito violated the Federal Freedom of Access to Clinic Entrances Act ("FACEA"); (2) a claim that all Defendants violated the Fourteenth Amendment's Equal Protection Clause under 42 U.S.C. § 1983; (3) a claim that all Defendants conspired to interfere with the preservation of evidence and the reporting of the incident under 42 U.S.C. § 1983; (4) a claim that all Defendants conspired to interfere with Plaintiffs' civil rights under 42 U.S.C. § 1985(3); and (5) a claim that

all Defendants violated Plaintiffs' rights under the New York State Constitution Article I, § 3. (*Id.*)

B.  **Parties' Briefing on the Moving-Defendants' Motion**

Generally, in support of their motion to dismiss, the moving-Defendants argue as follows: (1) Plaintiffs' equal protection claim fails to allege facts plausibly suggesting either disparate treatment or discriminatory intent; (2) Plaintiffs' conspiracy claims fail to allege facts plausibly suggesting an agreement, an act in furtherance of the conspiracy, or discriminatory animus, or, in the alternative, are precluded by the intracorporate conspiracy doctrine; and (3) Plaintiffs' state-law claims are barred under New York State Correction Law § 24, or, in the alternative, are duplicative of Plaintiffs' Section 1983 claims. (*See generally* Dkt. No. 99-2 [Defs.' Memo. of Law].)[1]

Generally, in response to Defendants' motion to dismiss, Plaintiffs argue as follows: (1) Plaintiffs have alleged a viable Equal Protection claim because Defendants have confused an Equal Protection claim based on intentional discrimination and an Equal Protection claim based on a "class of one" theory of liability, pursuant to which Plaintiffs need show only intentional disparate treatment of a similarly situated individual and no rational basis for that difference in treatment, which they have done, especially through their reference to a reference by Defendants to a recent attack by Muslim terrorists in the Charlie Hedbo massacre; (2) Plaintiffs have sufficiently alleged Section 1983 and 1985 claims because they have alleged facts plausibly suggesting both an agreement and act in furtherance of the conspiracy, and because, even if the Second Circuit were to extend the intracorporate conspiracy doctrine to Section 1983 claims, the

---

[1] Defendants are respectfully reminded that, pursuant to the Court's Local Rules of Practice, memoranda of law must contain a table of contents. N.D.N.Y L.R. 7.1(a)(1).

3

"personal stake" exemption thwarts the application of the doctrine under the circumstances (where individuals are pursuing personal interests wholly separate and apart from the New York State Department of Corrections and Community Supervision ["DOCCS"]); and (3) Plaintiffs withdraw their state-law claim against the moving-Defendants. (*See generally* Dkt. No. 104 [Plfs.' Opp'n Memo. of Law].)

## II. GOVERNING LEGAL STANDARDS

### A. Motion to Dismiss for Failure to State a Claim

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp.2d 204, 211 nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J.) (adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, some elaboration regarding that ground is appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp.2d at

212 n.20 (citing Supreme Court case).  On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests."  *Jackson*, 549 F. Supp. 2d at 212 n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court.  *Jackson*, 549 F. Supp. 2d at 212 n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases).  For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits."  2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003).  For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard.  *Rusyniak,* 629 F. Supp. 2d at 213 n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007).  In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69.  Rather than turn on the *conceivability* of an actionable claim,

5

the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id.* at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id.* at 1965. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (internal quotation marks and citations omitted). However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not

suffice. *Iqbal*, 129 S. Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

B. **Claim Under Section 1983 and Fourteenth Amendment Equal Protection Clause**

In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege "(1) that some person has deprived him of a federal right, and (2) that the person who has deprived him of that right acted under color of state . . . law." *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S. Ct. 1920 (1980) (internal quotations omitted)). "Section 1983 is not itself a source of substantive rights[,] but merely provides a method for vindicating federal rights elsewhere conferred[.]" *Patterson v. Cty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 [1979]).

"[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Kregler v. City of New York*, 821 F. Supp. 2d 651, 655-56 (S.D.N.Y. 2011) (quoting *Wright v. Smith*, 21 F.3d 496, 501 [2d Cir.1994] [internal quotation marks omitted]). A plaintiff may allege the personal involvement of a defendant who occupies a supervisory position by alleging that the defendant did the following:

> (1) directly participated in the infraction; (2) failed to remedy the wrong after learning of the violation; (3) created a policy or custom under which unconstitutional practices occurred, or allowed such a policy or custom to continue; (4) was grossly negligent in managing subordinates who caused the unlawful condition or event; or (5) exhibited 'gross negligence' or 'deliberate indifference' to the constitutional rights of [the plaintiff] by having actual or constructive notice of the unconstitutional practices and failing to act.

*Kregler*, 821 F. Supp. 2d at 655-56 (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir.1995); *Wright*, 21 F.3d at 501).

The Equal Protection Clause of the Fourteenth Amendment, which provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws" (U.S. CONST. AM. XIV, § 1), "requires the government to treat all similarly situated individuals alike." *Young v. Suffolk Cty.*, 705 F. Supp. 2d 183, 204 (E.D.N.Y. 2010) (citing *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 [1985] ).

To establish a violation of the Equal Protection Clause, a prisoner must prove the following two elements: (1) that he was treated differently from similarly situated individuals and (2) either (a) that such differential treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person (called "selective prosecution" equal protection) or (ii) that there was no rational basis for the difference in treatment (called "class-of-one" equal protection). *Cobb v. Pozzi*, 363 F.3d 89, 109-10 (2d Cir. 2004); *Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001).

In proving the second element, the prisoner must show that the alleged disparity in treatment cannot survive the appropriate level of scrutiny. *Phillips v. Girdich*, 408 F.3d 124, 129 (2d Cir. 2005). More specifically, where the alleged classification involves a "suspect class" or "quasi-suspect class," the alleged classification is subject to "strict scrutiny" by a court. *Travis v. N.Y. State Div. of Parole*, 96-CV-0759, 1998 WL 34002605, at *4 (N.D.N.Y. Aug. 26, 1998) (Sharpe, .J.), *adopted*, 96-CV-0759, Decision and Order (N.D.N.Y. filed Nov. 2, 1998) (McAvoy, .J.). However, neither imprisonment nor disability is a suspect classification under the

Equal Protection Clause. *Chick v. Cty. of Suffolk*, 546 F. App'x 58, 60 (2d Cir. 2013) ("[A] disability is not a suspect classification under the Equal Protection Clause."); *Lee v. Governor of N.Y.,* 87 F.3d 55, 60 (2d Cir. 1996) ("[P]risoners either in the aggregate or specified by offense are not a suspect class . . . .").

Where the alleged classification does not involve a "suspect class" or "quasi-suspect class" (or where the prisoner is asserting a "class of one" equal protection claim), the alleged classification is subject to only "rational basis scrutiny." *Travis*, 1998 WL 34002605, at *4. To survive such scrutiny, the alleged classification need only be "rationally related" to a "legitimate state interest." *Id*.

Finally, where a "class of one" equal protection claim is asserted, there must be "an extremely high degree of similarity" between the class-of-one plaintiff and the alleged comparators in order for the plaintiff to succeed. *Neilson v. D'Angelis*, 409 F.3d 100, 104 (2d Cir. 2005), *overruled on other grounds*, *Appel v. Spiridon*, 531 F.3d 138, 141 (2d Cir. 2008). Specifically, such a plaintiff must establish that (i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendant acted on the basis of a mistake. *Ruston v. Town Bd. for the Town of Skaneateles,* 610 F.3d 55, 59-60 (2d Cir. 2010); *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006). The standard for determining whether another person's circumstances are similar to the plaintiff's must be whether they are *prima facie* identical. *Neilson*, 409 F.3d at 105.

### C. Claim of Conspiracy to Violate Plaintiffs' Rights

"To prove a § 1983 conspiracy, a plaintiff must show: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Thomas v. City of Troy*, 293 F. Supp. 3d 282, 303 (N.D.N.Y. 2018) (Suddaby, C.J.) (quoting *Pangburn v. Culbertson*, 200 F.3d 65, 72 [2d Cir. 1999]).

To state a claim for conspiracy to violate one's constitutional rights under 42 U.S.C. § 1985(3), a plaintiff must allege: "1) a conspiracy; 2) for the purpose of depriving, either directly or indirectly, any person or class of persons the equal protections of the laws . . . and 3) an act of furtherance of the conspiracy; 4) whereby a person is either injured in his person or property or deprived of any right of privilege of a citizen of the United States." *Zhang Jingrong v. Chinese Anti-Cult World All.*, 287 F. Supp. 3d 290, 297 (E.D.N.Y 2018) (quoting *Britt v. Garcia*, 457 F.3d 264, 270 n.4 [2d Cir. 2006]). A defendant "must 'do more than merely be aware of a deprivation of right that he causes, and more than merely accept it; he must act at least in part for the very purpose of producing it.'" *Zhang Jingrong*, 287 F. Supp. 3d at 298.

### III. ANALYSIS

#### A. Whether Plaintiffs' Equal Protection Claim Should Be Dismissed

After carefully considering the matter, the Court answers this question in the affirmative for the reasons set forth in Defendants' memorandum of law. (Dkt. No. 99-2.) To those reasons, the Court adds only the following point.

"It is well settled that the Equal Protection Clause 'protect[s] persons, not groups." *Engqyist v. Oregon Dept. of Agr.*, 553 U.S. 591, 597 (2008) (quoting *Adarand Constructors, Inc*

*v. Peña*, 515 U.S. 200, 227 [1995] [emphasis deleted]). Although discrimination based upon religion may support an equal protection violation, a plaintiff "must present evidence that he [or she] was treated differently from similarly situated members of other religions," to prove such a claim. *Green v. LaClair*, 07-CV-0351, 2012 WL 1144569, at *11 (N.D.N.Y. Feb. 24, 2012) (Peebles, J.) (citing *Ramsey v. Goord*, 661 F. Supp. 2d 370, 398 [W.D.N.Y. 2009]) (quoting *Jackson v. Mann*, 196 F.3d 316, 321 [2d Cir. 1999]); *Lopez v. Cipolini*, 136 F. Supp. 3d 570, 590-91 (S.D.N.Y. 2015). Additionally, a plaintiff must demonstrate "that the disparity in treatment cannot survive the appropriate level of scrutiny which, in the prison setting, means that he [or she] must demonstrate that his [or her] treatment was not 'reasonably related to [any] legitimate penological interests.'" *Phillips*, 408 F.3d at 129 (quoting *Shaw v. Murphy*, 532 U.S. 223, 225 [2001]).

In a class-of-one context, a plaintiff must use "the existence of persons in similar circumstances who received more favorable treatment than the plaintiff . . . to provide an inference that the plaintiff was intentionally singled out for reasons that so lack any reasonable nexus with a legitimate governmental policy that an improper purpose–whether personal or otherwise–is all but certain." *Prestopnik v. Whelan*, 249 F. App'x 210, 212-13 (2d Cir. 2007). "Generally, whether parties are similarly situated is a fact-intensive inquiry." *Clubside, Inc.*, 468 F.3d at 159 (citing *Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 499 n.2 [2d Cir. 2001]). As explained above in Part II.B. of this Decision and Order, there must be "an extremely high degree of similarity" between the class-of-one plaintiff and the "alleged comparators in order to succeed on an equal protection claim." *Sloup v. Loeffler*, 745 F. Supp. 2d 115, 128 (E.D.N.Y. 2010); *Neilson*, 409 F.3d at 104. (2d Cir. 2005). "'[T]he standard for determining whether

11

another person's circumstances are similar to the plaintiff's must be . . . whether they are prima facie identical.'" *Kamholtz v. Yates Cty.*, 08-CV-6210, 2008 WL 5114964, at *5 (W.D.N.Y. Dec. 3, 2008) (quoting *Neilson*, 409 F.3d at 105).

In this case, Plaintiffs' Amended Complaint fails to state a claim because it fails to allege facts plausibly suggesting a comparison of themselves to similarly situated members of other religions. (*See generally* Dkt. No. 85; Dkt. No. 99-1.) Throughout Plaintiffs' 213- paragraph Amended Complaint, Plaintiffs do not once compare themselves to other prisoners who are members of other religions. (*See generally* Dkt. No. 85.) Instead, Plaintiffs conclusorily allege that Defendants would have reported employee misconduct, substantially damaged property, and stolen property if these transgressions occurred against another group of prisoners. (Dkt. No. 85, at ¶¶ 196-98.)

For all of these reasons, Plaintiffs' equal protection claim is dismissed.

B.    **Whether Plaintiffs' Conspiracy Claims Should Be Dismissed**

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in Defendant's memorandum of law. (Dkt. No. 99-2.) To those reasons, the Court adds the following analysis.

"A violated constitutional right is a natural prerequisite to a claim of conspiracy to violate such right. Thus, if a plaintiff cannot sufficiently allege a violation of his rights, it follows that he cannot sustain a claim of conspiracy to violate those rights." *Fitzgerald v. City of Troy, N.Y.*, No. 10-CV-0451, 2012 WL 5986547, at *23 (N.D.N.Y. Nov. 28, 2012) (D'Agostino, J.) (citing *Malsh v. Austin*, 901 F. Supp. 757, 763-64 [S.D.N.Y. 1995]). Moreover, vague and conclusory allegations that defendants entered into an unlawful agreement will not suffice to state a

conspiracy claim under either Section 1983 or Section 1985(3). *Kiryas Joel All. v. Vill. of Kiryas Joel*, 495 F. App'x 183, at *5 (2d Cir. 2012) (citing *Gyadu v. Hartford Ins. Co.*, 197 F.3d 590, 591 [2d Cir.1999]); *Emmerling v. Town of Richmond*, 434 F. App'x 10, 12 (2d Cir. 2011). Instead, "a plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Kiryas Joel All.*, 495 F. App'x at *5 (quoting *Webb v. Goord*, 340 F.3d 105, 110-11 [2d Cir. 2003]).

According to the intra-corporate conspiracy doctrine, which applies to both Section 1983 and Section 1985 conspiracy claims, *Herrmann v. Moore*, 576 F.2d 453, 459 (2d Cir.1978), "officers, agents, and employees of a single corporate or municipal entity, each acting within the scope of his or her employment, are legally incapable of conspiring with each other." *Fitzgerald*, 2012 WL 5986547, at *23 (quoting *Jefferson v. Rose*, 869 F. Supp. 2d 312, 317-18 [E.D.N.Y. 2012] [quotations and citations omitted]); *see also Castanza v. Town of Brookhaven*, 700 F. Supp. 2d 277, 291 (E.D.N.Y. 2010) (stating that officers, agents, and employees of a single corporate entity are legally incapable of conspiring together); *Baines v. Masiello*, 288 F. Supp. 2d 376, 394-95 (W.D.N.Y. 2003) (holding that a conspiracy claim brought against "the Common Council, the Mayor, and the City Clerk" was barred by the intra-corporate conspiracy doctrine).

### 1. Plaintiffs' 42 U.S.C. § 1983 Conspiracy Claim

In this case, despite the fact that the Court has construed all reasonable inferences in Plaintiffs' favor, the Court finds that Plaintiffs have failed to state a conspiracy claim against the moving-Defendants under 42 U.S.C. § 1983. More specifically, Plaintiffs have failed to state an equal protection claim against the moving-Defendants. (*See, supra,* Part.III.A. of this Decision and Order.) Because a violation of a constitutional right is a natural prerequisite for a conspiracy

13

claim, Plaintiffs cannot claim that the moving-Defendants conspired to violate their equal protection rights. *Fitzgerald*, 2012 WL 5986547, at *23; *see also Droz v. McCadden*, 580 F.3d 106, 109 [2d Cir. 2009]) (stating that a plaintiff's Section 1983 conspiracy claim fails if plaintiff is unable to allege the underlying Section 1983 cause of action). By failing to allege facts plausibly suggesting a constitutional violation, Plaintiffs fail to meet the "act in concert to inflict an unconstitutional injury" element necessary to state a Section 1983 conspiracy claim. *Thomas*, 293 F. Supp. 3d at 303.

For all of these reasons, Plaintiffs' Section 1983 conspiracy claim is dismissed.

### 2. Plaintiffs' 42 U.S.C. § 1985(3) Conspiracy Claim

"Similar to [Section] 1983, section 1985 also requires a plaintiff to plead a violation of a constitutional right." *Richard v. Fischer*, 38 F. Supp. 3d 340, 352 (W.D.N.Y. 2014) (citing *Barr v. Abrams*, 810 F.2d 358, 363 [2d Cir. 1987]). "As the Second Circuit has noted repeatedly, conspiracy claims are to be viewed with skepticism and must be supported by more than mere conclusory allegations." *Webb*, 340 F.3d at 110.

Here, as previously discussed above in Part III.A. of this Decision and Order, Plaintiffs have failed to plead a constitutional violation against the moving-Defendants. Pursuant to *Richard*, and for the reasons stated in Part III.B.1, Plaintiffs cannot state a Section 1985 conspiracy claim against the moving-Defendants. *Richard*, 38 F. Supp. 3d at 352.

Moreover, Plaintiffs' conspiracy claims fall squarely under the intra-corporate conspiracy doctrine. The intra-corporate conspiracy doctrine applies DOCCS employees. *Vega v. Artus*, 610 F. Supp. 2d 185, 205 (N.D.N.Y. 2009) (Suddaby, J.). The intra-corporate conspiracy doctrine has a "scope of employment" exception, "which exists 'when individuals pursue

personal interests wholly separate and apart from the entity.'" *Vega*, 610 F. Supp. 2d at 205 (quoting *Orafan v. Goord*, 411 F.Supp.2d 153, 165 [N.D.N.Y.2006] [Magnuson, J.] [internal quotation marks and citations omitted], *vacated and remanded on other grounds sub nom.*, *Orafan v. Rashid*, 249 F. App'x 217 [2d Cir.2007]). "'[I]n order to allege facts plausibly suggesting that individuals were pursuing personal interests wholly separate and apart from the entity, more is required of a plaintiff than simply alleging that the defendants were motivated by personal bias against the plaintiff.'" *Id.* (quoting *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 470 [N.D.N.Y. 2009] [Suddaby, J.] ).

Here, Plaintiffs do not allege any facts giving rise to a conspiracy, but instead assert conclusory allegations relating to an alleged conspiracy among Defendants. Plaintiffs' allegations identify each of the named Defendants as employees of a single corporate entity, DOCCS. (Dkt. No. 85, at ¶¶ 21-29.) Additionally, the events underlying Plaintiffs' Amended Complaint all allegedly took place in a DOCCS facility, while Defendants were on duty, and otherwise carrying out functions for which they are employed. (Dkt. No. 85, at ¶¶ 59-143.) However, Plaintiff's Amended Complaint fails to plausibly allege how the alleged vandalism advanced the moving-Defendants' personal interest wholly separate and apart from DOCCS. Plaintiffs rely on Defendant McCullough's alleged offer ( to "ow[e] Plaintiffs a favor) as the grounds for a conspiracy among all Defendants. (Dkt. No. 85, at ¶ 107.)

For all of these reasons, Plaintiffs' Section 1985(3) conspiracy claim is dismissed.

C.      **Whether Plaintiffs' State Law Claim Should Be Dismissed**

After carefully considering the matter, the Court answers this question in the affirmative. In their opposition memorandum of law, Plaintiffs attempt to withdraw their state law claim

against each of the moving-Defendants. (Dkt. No. 104, at 22.) The Court has some trouble finding that this attempt constitutes an adequate "notice of dismissal" for purposes of Fed. R. Civ. P. 41(a)(1)(A)(i). *See Shinn v. FedEx Freight, Inc.*, 16-CV-0777, 2016 WL 7130911, at *2 (D. N.J. Dec. 7, 2016) (making distinction between statement in response brief that "Plaintiffs voluntarily withdraw Count III of their Amended Complaint" and "the appropriate Notice of Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i)"); *Vigil v. Lobo Campus Pharm.*, 04-CV-0863, 2004 WL 7337429, at *4 (D. N.M. Dec. 8, 2004) (expressing reluctance at construing a statement in a plaintiff's reply brief as a "notice of dismissal"); *but see Bennett v. Michigan Dep't of Corr.*, 15-CV-14465, 2017 WL 3208591, at *2, n.2 (E.D. Mich. July 24, 2017) (recommending that statement in plaintiff's response brief that he voluntarily dismisses Count IV be "construed as a "Notice of Dismissal" pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i)), *adopted*, 2017 WL 423065 (E.D. Mich. Sept. 25, 2017).

This issue is material because, if the attempt were to constitute an adequate "notice of dismissal," then Plaintiffs' state law claim against the moving-Defendants would be dismissed only without prejudice. If the attempt were not to constitute an adequate "notice of dismissal," then that state law claim would be dismissed with prejudice (assuming the moving-Defendants have met their lightened burden on their unopposed argument for the dismissal of this claim).

Out of special solicitude to Plaintiffs as civil rights litigants, and because the Court perceives little chance that Plaintiffs will seek to re-assert this challenged claim, the Court will construe this attempt as an adequate "notice of dismissal" for purposes of Fed. R. Civ. P. 41(a)(1)(A)(i).[2]

---

[2] The Court finds that this notice was timely for purposes of Fed. R. Civ. P. 41(a)(1)(A)(i), because the sole Answer that had been served by the time of the notice had not

16

For these reasons, Plaintiffs' state law claim against the moving-Defendants is dismissed *without prejudice*.

**ACCORDINGLY**, it is

**ORDERED** that Defendants' motion to dismiss for failure to state a claim (Dkt. No. 99-2) is **GRANTED**; and it is further

**ORDERED** that Plaintiffs' claims against the moving-Defendants in the Amended Complaint (Dkt. No. 85) are **DISMISSED with prejudice**, **EXCEPT** for Plaintiffs' State law claim against the moving-Defendants, which are **DISMISSED without prejudice**, and it is further

**ORDERED** that surviving this Decision and Order are Plaintiffs' claims against Defendant Comito; and it is further

**ORDERED** that, in any motion to dismiss for failure to state a claim and/or motion for summary judgment that Defendant Comito may choose to file in this action, he shall be free to rely on any rulings in this Decision and Order, pursuant to the law-of-the-case doctrine.

Dated: March 3, 2020
Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

been served by the moving-Defendants. (Dkt. No. 47.) *See also Welsh v. Correct Care, L.L.C.*, 915 F.3d 341, 344 (5th Cir. 2019) ("[T]he Rules permit voluntary dismissal by notice and without a court order of any defendant who has not served an answer, which in this case is all defendants except McLane [who had served an answer].").