UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------)(
TYRONE JAMES, MARK CROWDER, JALONE
DAVIS (JALONE SHABAZZ), TERRY WILSON,
WAYNE HAYWOOD, KEVIN REDD, KENNETH
ELMORE, CHRISTOPHER GRAY

               Plaintiffs,

   -against-

DANIEL MCCULLOUGH, SCOTT WILLIS,
JOHN AMATO, MICHAEL COMITO, and
JEFFREY BADENDYCK

               Defendants.
------------------------------------------------------------)(

Case No.
No. 17-CV-0843 (GTS)(DEP)

**STIPULATION OF
SETTLEMENT,
GENERAL RELEASE,
AND ORDER OF
DISMISSAL**

This SETTLEMENT STIPULATION, GENERAL RELEASE, AND ORDER OF DISMISSAL ("Settlement Stipulation") is made by and between Plaintiffs TYRONE JAMES, MARK CROWDER, JALONE DAVIS (JALONE SHABAZZ), TERRY WILSON, WAYNE HAYWOOD, KEVIN REDD, KENNETH ELMORE, CHRISTOPHER GRAY ("Plaintiffs") and Defendant MICHAEL COMITO.

WHEREAS, Plaintiffs commenced this action by filing a complaint on or about August 2, 2017 in the United States District Court for the Northern District of New York and filed an amended complaint on or about May 3, 2019 in the same court, under Case Number 17-cv-0843 against Defendants alleging that Defendants violated Plaintiffs' rights under 42 U.S.C. § 1983, the Federal Freedom of Access to Clinic Entrances act 18 U.S.C. § 248 (c)(1)(A), 42 U.S.C. § 1985(3), and New York Constitution Art I, § 3 while Plaintiffs were incarcerated within the New York State Department of Corrections and Community Supervision at Shawangunk Correctional Facility; and

WHEREAS, the claims against Defendants DANIEL MCCULLOUGH, SCOTT WILLIS, JOHN AMATO and JEFFREY BADENDYCK were dismissed by the Honorable Glenn T. Suddaby by Decision and Order dated March 3, 2020,

1

WHEREAS, the only current remaining claims in this action remain against Michael Comito in his individual capacity who expressly denies any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or law in the Action; and

WHEREAS, Plaintiffs and Defendant Michael Comito wish to fully resolve the claims alleged in the complaint in the Action, and any and all other disputes, whether known or unknown, without further litigation or proceedings and without admission of fault or liability and have negotiated in good faith for that purpose; and

WHEREAS, Plaintiffs represent and warrant that, other than this Action, they have no action or proceeding pending in any court, state or federal, arising out of or relating to the subject matter of this lawsuit;

WHEREAS, No party hereto is an infant or incompetent;

NOW THEREFORE, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Settlement Stipulation, Plaintiffs and Defendant Comito hereby agree as follows:

1. **Dismissal of the Action With Prejudice Against Defendant Comito**

Upon the Court's approval and so-ordering of this Settlement Stipulation, the Action, and all claims asserted therein are discontinued with prejudice against Defendant Michael Comito pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts specified in Paragraph 2 below. For the avoidance of any doubt, this Settlement Stipulation has no effect on Plaintiffs' claims against other Defendants in this suit, nor on their ability to file an appeal of any prior dismissals of other Defendants.

2. **Payment to Plaintiffs**

In full consideration of Plaintiffs' execution of this Settlement Stipulation, their agreement to be bound by its terms, and their undertakings as set forth herein including, but not limited to, the dismissal of the Action with prejudice against Defendant Michael Comito and other good and valuable consideration, the sufficiency of which is hereby acknowledged,

Defendant Michael Comito shall pay the gross amount of Twenty Eight Hundred Dollars ($2,800.00) (the "Settlement Amount") inclusive of attorneys' fees, costs, disbursements, or expenses in full satisfaction of any and all claims, allegations or actions, direct or indirect, known or unknown, that Plaintiffs have, had, or may have against Defendant Michael Comito, whether in his individual or official capacity, arising out of conduct, acts, or omissions prior to, up to and including the date of this Settlement Stipulation, including but not limited to those asserted in the Action, including any attorney's fees, costs, disbursements, and expenses incurred by Plaintiffs for any and all counsel who have assisted Plaintiffs or at any time represented Plaintiffs in the Action or any Court of Claims Action or in connection with any other proceeding, administrative, judicial, or otherwise, and any other claim or action by Plaintiffs alleging any of the acts, transactions, occurrences, or omissions asserted in the Action as follows:

    a. Defendant Michael Comito shall tender the Settlement Amount payable to Law Office of Amy Jane Agnew, P.C. who will distribute the funds to Plaintiffs;

    b. Defendant designates $350.00 to each Plaintiff.

    c. The Settlement Amount shall be in full and complete satisfaction of any and all claims against Defendant Comito for compensatory damages (including but not limited to pain and suffering, mental and emotional anguish and trauma, damage to reputation, economic damages, punitive damages, and liquidated damages) incurred by Plaintiffs that were or could have been the subject of any claim in the Action, as well as in connection with any other proceeding, administrative, judicial, or otherwise, including but not limited to any other claim or action alleging any of the acts, transactions or occurrences pleaded in any of the filed Complaints in this action.

3. **Court Approval of Payments**

The payment set forth in paragraph 2 will be made within 60 days following the approval by the Court of this Stipulation of Settlement and Discontinuance and receipt by the parties' counsel of a copy of the so-ordered stipulation.

4. **Liability of Plaintiffs**

It is understood and agreed that any taxes, or interest or penalties on taxes, on the settlement amounts specified in Paragraph 2 of this Settlement Stipulation shall be the sole and complete responsibility of Plaintiffs and that Plaintiffs shall have no claim, right or cause of action against Defendant Michael Comito on account of such taxes, interest or penalties.

5. **Liability of Plaintiffs for Liens**

Plaintiffs agree that neither Defendant Michael Comito shall be responsible for any liens of any kind (including, but not limited to, any and all workers' compensation, disability, tax, or child support liens) which may attach to the Settlement Amount specified in Paragraph 2 of this Settlement Stipulation. Plaintiffs shall have no claim, right, or cause of action against Defendant Michael Comito on account of such liens.

6. **General Release**

In consideration of the payment of the sum recited in Paragraph 2 above, the sufficiency of which is hereby acknowledged, Plaintiffs, on behalf of themselves, their heirs, executors, administrators, successors, and assigns (collectively, "the Releasing Parties"), hereby release and forever discharge Defendant Michael Comito, his heirs, administrators, and assigns, whether in their individual or official capacities ("the Released Party"), from all manner of actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now have, or shall or may have in the

future against the Released Party, for or by reason of any act, transaction, occurrence, omission, cause, matter, or thing whatsoever up to and including the date of this Settlement Stipulation, including but not limited to: (a) any and all claims regarding or arising out of the causes of action, acts, transactions, occurrences, or omissions which are described, alleged, or contained in the complaints in this Action; (b) any and all claims regarding or arising directly or indirectly from either Plaintiffs' associations with the Released Party or the terms and conditions of their associations with any of the Released Parties; (c) any and all other claims, whether for damages (including but not limited to, claims for equitable relief, compensatory, punitive, or other damages), breach of contract, negligence, estoppel, defamation, infliction of emotional distress, violation of public policy, or any other tort, or any claim for costs, fees, or other expenses including attorneys' fees, or any other claims under federal, state, or local law relating to the Released Party from the beginning of the world up to and including the date of this Settlement Stipulation.

The Releasing Parties further understand that this Release is intended to be effective as a full and final accord and satisfaction of their claims and potential claims against the Released Party and that the Released Party are relying on said finality as a material factor in agreeing to the terms of this Settlement Stipulation.

7. **Subpoena for Future Testimony**

In further consideration of the terms outlined under this Agreement, Defendant Michael Comito agrees to allow his attorneys Harris, Conway & Donovan, PLLC to accept service on his behalf of any Subpoena to testify specifically in this matter in the future should Plaintiffs prevail on their appeal against the other Defendants as referred to and described in Paragraph 1.

8. **No Other Action or Proceeding Commenced**

Other than the Action, Plaintiffs represent and warrant that they have not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind against Defendant Michael Comito, that none of the foregoing is currently pending in any court

or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Defendant Michael Comito to enter into this Settlement Stipulation.

9. **No Prevailing Party**

Neither Plaintiffs nor Defendant Michael Comito shall be deemed a "prevailing party" for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

10. **Successors and Assigns**

The terms and conditions of this Settlement Stipulation shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

11. **Authority**

Each signatory to this Settlement Stipulation hereby represents and warrants that he, she, or it has the requisite authority to enter into this Settlement Stipulation and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Stipulation.

12. **Voluntary Agreement**

The parties hereto execute and deliver this Settlement Stipulation voluntarily after being fully informed of its terms, contents and effect, and acknowledges that she, he or it understands its terms, contents and effect. The parties hereto acknowledge that he, she or it is aware, and is advised, of his, her or its right to seek the advice of an attorney and that he, she or it has been represented by counsel of his, her or its own choosing before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party hereto or any one acting on behalf of such party.

13. **No Admission of Liability**

It is understood and agreed that any actions taken or payments made pursuant to this Settlement Stipulation are made solely to avoid the burdens and expense of protracted

litigation, and that this Settlement Stipulation and the actions taken or payments made pursuant hereto are not to be construed as constituting any determination on the merits of any claims, whether asserted or purportedly asserted in the Action. Defendant Michael Comito expressly denies any liability and nothing herein shall be construed as an admission of negligence, liability, responsibility, or fault of any kind on the part of Defendant Michael Comito.

14. **No Precedential Value**

This Settlement Stipulation shall not in any manner be construed as determinative of the issues or claims, whether raised or purportedly raised, in the Action or any other proceeding, and shall have no precedential value, except in an action to enforce the terms of the Settlement Stipulation. In addition, notwithstanding the provisions of any paragraph herein, this Settlement Stipulation shall not bind or collaterally estop Defendant Michael Comito in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses or reaching different terms in any settlement, except in an action to enforce the terms of the Settlement Stipulation.

15. **Entire Agreement**

This Settlement Stipulation constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Settlement Stipulation, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

16. **Governing Law**

The terms of this Settlement Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law may apply to

Plaintiffs' release and waiver of federal claims or purported claims pursuant to this Settlement Stipulation.

### 17. Severability

If any provision of this Settlement Stipulation shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

### 18. Headings

The headings contained in this Settlement Stipulation are for convenience of reference only and are not a material part of this Settlement Stipulation.

### 19. Execution

This Settlement Stipulation may be executed in any number of counterparts, all of which taken together shall constitute one Settlement Stipulation, and may be executed by facsimile signature and facsimile notary seal, or email/scan. The parties agree that due to the Covid pandemic and lack of access to notaries public in the facilities of the New York State Department of Corrections and Community Supervision, where some of the Plaintiffs are in custody, Plaintiffs' counsel may notarize the wet ink signatures of Plaintiffs on this stipulation in the same manner and with the same effect as if the signatures were applied to the Stipulation in her physical presence.IN WITNESS WHEREOF, the parties hereto acknowledge that they have read this Settlement Stipulation and accept and agree to the provisions contained herein, and have each executed this Settlement Stipulation to be effective on the day and date indicated below.

THIS SETTLEMENT STIPULATION INCLUDES
A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS

Dated: Far Hills, New Jersey
2/9, 2020

LAW OFFICE OF AMY JANE AGNEW, P.C.

By: Amy Jane Agnew, Esq.
*Pro Bono Counsel for Plaintiffs*
24 Fifth Avenue, Suite 1701
New York, New York 10011
(973) 600-1724
aj@ajagnew.com

Dated: Albany, New York
2/10, 2020

HARRIS CONWAY & DONOVAN, PLLC

By: Ryan E. Manley, Esq.
*Counsel for Defendant Michael Comito*
50 State Street, 2nd Floor
Albany, New York 12207
(518) 436-1661
RManley@HCDLegal.com

TYRONE JAMES

STATE OF NEW YORK    )
COUNTY OF ULSTER     ) ss.:

On the 9th day of February, 2020, before me, the undersigned, a Notary Public in and for said State, personally appeared Tyrone James personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Notary Public

_____
MARK CROWDER

STATE OF NEW YORK )
COUNTY OF Ulster ) ss.:

On the 15th day of December, 2020, before me, the undersigned, a Notary Public in and for said State, personally appeared Mark Crowder personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Notary Public MICHAEL PEARSON
NOTARY PUBLIC STATE OF NEW YORK
Registration Number # 01PE6211055
Qualified in Orange County
Commission Expires Sept 08, 20 21

_____
JALONE DAVIS (JALONE SHABAZZ)

STATE OF NEW YORK )
COUNTY OF _____ ) ss.:

On the ___ day of December, 2020, before me, the undersigned, a Notary Public in and for said State, personally appeared Jalone Davis (Jalone Shabazz) personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

_____
TERRY WILSON

STATE OF NEW YORK )
COUNTY OF _____ ) ss.:

On the ___ day of December, 2020, before me, the undersigned, a Notary Public in and for said State, personally appeared Terry Wilson personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

_____
MARK CROWDER

STATE OF   NEW YORK        )
COUNTY OF _____     ) ss.:

    On the ____ day of December, 2020, before me, the undersigned, a Notary Public in and for said State, personally appeared Mark Crowder personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

-----------------------------------------------------------------

_____
JALONE DAVIS (JALONE SHABAZZ)

STATE OF   NEW YORK        )
COUNTY OF _New York_       ) ss.:

    On the _2nd_ day of _January_, 2021, before me, the undersigned, a Notary Public in and for said State, personally appeared Jalone Davis (Jalone Shabazz) personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

[Notary Seal: AMY J AGNEW, NOTARY PUBLIC, No. 02AG6345536, Exp. 07/25/20__, NEW YORK COUNTY, STATE OF NEW YORK]

-----------------------------------------------------------------

_____
TERRY WILSON

STATE OF   NEW YORK        )
COUNTY OF _____     ) ss.:

    On the ____ day of December, 2020, before me, the undersigned, a Notary Public in and for said State, personally appeared Terry Wilson personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

-----------------------------------------------------------------

_____
WAYNE HAYWOOD

STATE OF   NEW YORK   )
COUNTY OF _____  ) ss.:

On the ___ day of December, 2020, before me, the undersigned, a Notary Public in and for said State, personally appeared Wayne Haywood personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

---

*KEVIN REDD*
KEVIN REDD

STATE OF   NEW YORK   )
COUNTY OF Wyoming   ) ss.:

On the 31 day of December, 2020, before me, the undersigned, a Notary Public in and for said State, personally appeared Kevin Redd personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

[Notary seal: AMY J AGNEW, No. 02AG6345536, Exp. 07/25/20, NEW YORK COUNTY, STATE OF NEW YORK]

---

_____
KENNETH ELMORE

STATE OF   NEW YORK   )
COUNTY OF _____  ) ss.:

On the ___ day of December, 2020, before me, the undersigned, a Notary Public in and for said State, personally appeared Kenneth Elmore personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

11

_____
WAYNE HAYWOOD

STATE OF   NEW YORK     )
COUNTY OF _____  ) ss.:

    On the ___ day of December, 2020, before me, the undersigned, a Notary Public in and for said State, personally appeared Wayne Haywood personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

---

_____
KEVIN REDD

STATE OF   NEW YORK     )
COUNTY OF _____  ) ss.:

    On the ____ day of December, 2020, before me, the undersigned, a Notary Public in and for said State, personally appeared Kevin Redd personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

---

_____
KENNETH ELMORE

STATE OF   NEW YORK     )
COUNTY OF _New York_    ) ss.:

    On the _2nd_ day of December, ~~2020~~ _2021_, before me, the undersigned, a Notary Public in and for said State, personally appeared Kenneth Elmore personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

[Notary seal: AMY___, NOTARY PUBLIC-STATE OF NEW YORK, No. 02AG6345536, Exp. 07/25/20__, NEW YORK COUNTY]

11

---
_____
CHRISTOPHER GRAY

STATE OF NEW YORK
COUNTY OF New York ss.:

On the 4 day of ~~December~~ February, 2020, before me, the undersigned, a Notary Public in and for said State, personally appeared Christopher Gray personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

_____
MICHAEL COMITO

STATE OF NEW JERSEY   )
COUNTY OF _____  ) ss.:

On the ___ day of December, 2020, before me, the undersigned, a Notary Public in and for said State, personally appeared Michael Comito personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

**SO ORDERED:**

Dated: Syracuse, New York
       December       , 2020

_____
Hon. Glenn T. Suddaby,
U.S.D.J.

12

CHRISTOPHER GRAY

STATE OF NEW YORK )
COUNTY OF _____ ) ss.:

On the ____ day of December, 2020, before me, the undersigned, a Notary Public in and for said State, personally appeared Christopher Gray personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

_____
MICHAEL COMITO

STATE OF NEW JERSEY )
COUNTY OF Morris ) ss.:

On the 23RD day of December, 2020, before me, the undersigned, a Notary Public in and for said State, personally appeared Michael Comito personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

JOSEPHINE P. DEELSNYDER
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES FEB. 27, 2022

**SO ORDERED:**

Dated: February 11, 2021

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge